77 F.3d 485
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary C. SHURTE Defendant-Appellant.
 No. 95-2415.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1996.*
Decided Feb. 9, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Gary Shurte appeals his 1995 conviction by a jury on two counts of aiding and abetting the interstate transportation of stolen motor vehicles, in violation of 18 U.S.C. §§ 2312 and 2. Shurte raises only one issue on appeal: whether there was sufficient credible evidence for a jury to find him guilty beyond a reasonable doubt on the two charges. We affirm.
 
 
 2
 The government notes correctly that Shurte did not move for a judgment of acquittal pursuant to Fed.R.Crim.P. 29 at the close of the government's evidence, at the close of all evidence, or within seven days of the verdict. Accordingly, Shurte has waived any challenge on appeal to the sufficiency of the evidence absent a manifest miscarriage of justice. United States v. Archambault, 62 F.3d 995, 998 (7th Cir.1995) (quoting United States v. Baker, 40 F.3d 154, 160 (7th Cir.1994), cert. denied, 115 S.Ct. 1383 (1995)). Shurte has failed to show that the jury's verdict resulted in a manifest miscarriage of justice. Furthermore, even if Shurte had not waived the argument, he has failed to show that there was insufficient evidence to support the jury's verdict.
 
 
 3
 Under the normal standard of review for a sufficiency of the evidence challenge, "we must uphold the jury's verdict if 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Brown, Nos. 94-3505 & 94-3556, slip. op. at 2 (7th Cir. Dec. 15, 1995) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)). As an appellate court, it is not our role "to reexamine credibility determinations or reweigh the evidence." Archambault, 62 F.3d at 999 (quotation omitted). Shurte contends that a jury may not credit co-conspirators who were admitted thieves and arsonists, who were previously convicted for crimes of dishonesty, and who were given plea agreements and grants of immunity for their testimony.[1] He does not cite any authority for those propositions, and we strongly doubt that there is such authority. See United States v. Trujillo, 959 F.2d 1377, 1384 (7th Cir.) (a guilty verdict may be based on the testimony of a co-conspirator who is a chronic liar and who is testifying pursuant to a plea agreement) (citation omitted), cert. denied, 113 S.Ct. 277 (1992); United States v. Grandinetti, 891 F.2d 1302, 1307 (7th Cir.1989) ("reversal is not required because the government's case includes testimony by an array of scoundrels, liars and brigands") (quotation omitted), cert. denied, 494 U.S. 1060 (1990); United States v. Molinaro, 877 F.2d 1341, 1347 (7th Cir.1989) (a jury is entitled to credit testimony that is "totally uncorroborated and comes from an admitted liar, convicted felon, large scale drug-dealing, paid government informant"). Likewise, we strongly doubt that Shurte could find authority for his contention that a jury must credit the testimony of witnesses of "good" character over the testimony of witnesses of "bad" character. See Grandinetti, 891 F.2d at 1308 ("[The defendant] invites this Court to believe him instead of [the main witness against him]. The jury did not. And '[w]e refuse to superimpose our judgment over that of the finder of fact.' ") (quoting United States v. DeCorte, 851 F.2d 948, 953 (7th Cir.1988)). Our court will only question a jury's determination of witness credibility if the testimony is "incredible as a matter of law": that is, "it must have been either physically impossible for the witness to observe that which he or she claims occurred, or impossible under the laws of nature for the occurrence to have taken place at all." United States v. Crowder, 36 F.3d 691, 696 & n. 1 (7th Cir.1994) (citing United States v. Hernandez, 13 F.3d 248, 252 (7th Cir.1994), and quoting United States v. Dunigan, 884 F.2d 1010, 1013 (7th Cir.1989)), cert. denied, 115 S.Ct. 1146 (1995).
 
 
 4
 Shurte does not argue that the testimony of the witnesses for the government contradicted physical facts or laws. Instead, Shurte argues merely that the jury should not have credited what he considers the biased and unreliable testimony of the witnesses against him, in light of contrary testimony by the witnesses for him, and in light of the evidence of his good character. We cannot accept this argument, since it invades the province of jury determinations of credibility.
 
 
 5
 Shurte's remaining argument for insufficiency of the evidence is his contention that no physical evidence connected him with the crimes charged, and that "[n]o witness not involved in the thefts" saw him at or near the crime scenes or heard him engage in any conversation about the crimes. However, this argument ignores the testimony by Shurte's three co-conspirators describing his involvement in the stealing of the two motor vehicles and their interstate transportation. Shurte's brief itself indicates that his co-conspirators testified that "the defendant [Shurte] had taken part in planning [and] carrying out the thefts." Even if Shurte had not waived his challenge to the sufficiency of the evidence, we would conclude that he has failed to show that there was insufficient evidence to support the jury's guilty verdicts.
 
 
 6
 The judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Our review of the trial transcript reveals that Shurte's three co-conspirators admitted in their testimony to these characteristics that Shurte attributes to them. Tr. 23-25, 37, 42-51, 66-69, 74-76, 86-87